IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHRISTIE L. CAUDLE, )
)
       Plaintiff, )
)
v. ) Case No. CIV-10-433-JHP
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
       Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Christie L. Caudle (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 30, 1980 and was 30 years old at the time of the ALJ's decision. Claimant obtained her GED. The ALJ determined Claimant has no past relevant work. Claimant alleges an inability to work beginning May 1, 2007 due to limitations resulting from seizure disorder, bipolar disorder, depression, anxiety disorder, and substance abuse in remission.

## Procedural History

On April 2, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted before ALJ Michael Kirkpatrick on June 9, 2010 in Poteau, Oklahoma. On August 19, 2010, the ALJ issued an unfavorable decision on Claimant's applications. On September 24, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a range of medium work with numerous restrictions.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) reaching an RFC not supported by substantial evidence; and (2) engaging in a

faulty credibility analysis.

**RFC Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of seizure disorder, bipolar I disorder, major depressive disorder, moderate, recurrent, generalized anxiety disorder, panic attacks, and substance abuse in remission. (Tr. 11). He concluded that Claimant retained the RFC to perform medium in that he can lift and/or carry at least 50 pounds occasionally and at least 25 pounds frequently, can stand and/or walk for at least 6 hours in an 8 hour workday, and can sit for at least 6 hours in an 8 hour workday. As a seizure precaution, the ALJ found Claimant should not drive or work in hazardous environments such as at unprotected heights, or near dangerous moving machinery. He determined Claimant could perform both simple, unskilled tasks and also detailed, semi-skilled tasks but not complex, skilled tasks which do not require interaction with the general public. (Tr. 15-16). The ALJ concluded further after consultation with the vocational expert that Claimant could perform the jobs of dining room attendant, laundry worker, and hand packager. (Tr. 21).

Claimant first contends the ALJ failed to include mental impairments in her RFC. On September 2, 2009, Claimant was attended by Dr. Ben Cheek who found in a Treating Physician Mental Functional

5

Assessment Questionnaire that Claimant's bipolar I disorder caused "frequent exacerbations in mood changes." (Tr. 432). The condition also manifests itself in depression and anxiety. Id. Claimant's anxiety disorder causes apprehension and insomnia with true panic attacks. Claimant experiences symptoms nearly every day. (Tr. 292).

On June 17, 2009, Claimant underwent a mental status examination with Dr. Diane Brandmiller. Dr. Brandmiller found Claimant to have depressed mood, weight loss, low energy, difficulty concentrating, feelings of worthlessness, crying, and suicidal ideation. Memory and abstract thinking were intact. Dr. Brandmiller diagnosed Claimant with Major Depressive Disorder, Recurrent, Moderate with a GAF of 51-60. (Tr. 394).

As Claimant admits, it appears her seizure condition is controlled, since it has been more than a year since her last seizure. This Court cannot find error in the ALJ's failure to include any further limitation in Claimant's RFC in light of the medical record. No medical professional has imposed restrictions upon Claimant's ability to work based upon her mental impairments. The ALJ restricted Claimant in her interaction with the public and in the complexity of tasks assigned to her which sufficiently addresses Claimant's limitations.

Claimant also contends the ALJ should have included

accommodations for the side effects caused by Claimant's anti-seizure medication. Claimant suggests that the medication Depakote causes her to sit down and fall asleep for anywhere from an hour to two hours. (Tr. 38). Although Claimant testified she took her medication in the morning, there is no indication in the record that Claimant would have to take the medication at this time in order to interfere with a work schedule. Additionally, no medical professional has proffered the opinion that this medication would preclude her from working or would necessitate the inclusion of additional restrictions in her RFC. This Court finds no error in the ALJ's decision in this area.

## Credibility Determination

Claimant contends the ALJ's decision in regard to credibility findings is flawed. Specifically, the ALJ addressed the areas of Claimant's ability to drive, the reasons for stopping work, activities of daily living related to Dr. Brandmiller, the comment in certain medical records that Claimant was "manipulative," and issues surrounding Claimant's substance abuse. The ALJ found Claimant's credibility was suspect in addressing these areas.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. The ALJ adequately linked the contradictions in the evidence with Claimant's testimony such that no error is found in the ALJ's credibility determination.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE